THOMAS YULE, PLAINTIFF AND APPELLEE, v. JOHN L.
BLACK ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the district court of Pierce county. Heard
below before CRAWFORD, J.

*H. C. Brome*, for appellants.

*Pemberton & Bush* and *J. A. Smith*, for appellee.

COBB, J.

The pleadings in this cause were the same as those in the
preceding case of the same plaintiff against Amelia P.
Webster, except as to the description of the land involved,
and that, in addition to the claim of title by the defend-
ants by, through, and under a deed from James H. Brown,
based upon his tax deed from the county treasurer of Pierce
county, they also claim title to a part of the land involved
by, through, and under a deed executed by E. P. Weath-
erby upon a title derived by him by, through, and under
a sheriff's deed, executed by the sheriff of Pierce county,
upon a sale of said land by said sheriff under the decree
in the case of *John A. Van Steenberg v. A. A. Campbell,
Administrator, and others,* as fully set out in the opinion
in said case, and which deed was alleged by the petition in
this case to have conveyed no title as against the said Ralph

Kipp, for the reason that he was not a party to said action, nor against the said John A. Van Steenberg, for the reason that the said E. P. Weatherby was then his attorney in said cause. The cause was tried to the district court upon the same evidence as that used in the preceding case, and with the same findings and decree, except that the said court found, in addition to its findings as in the case above referred to, "that the sale under said decree of foreclosure of the south half of the south-east quarter of section No. 18, in township 26 north, of range 2 west, in said Pierce county, to the said E. P. Weatherby, was null and void, and conveyed no title of said land to said E. P. Weatherby, and that the deed of said land from E. P. Weatherby to Brice Black (the ancestor of defendants) conveyed no title of said lands to said Brice Black, but that said invalid foreclosure sale and the deed thereunder did amount to and was an assignment to said E. P. Weatherby *pro tanto* of the mortgage so attempted to be foreclosed, and the said deed from said E. P. Weatherby to said Brice Black amounted to and was an assignment to said Brice Black of all said E. P. Weatherby's interest in and to said mortgage so attempted to be foreclosed; that the plaintiff is entitled to a decree quieting his title to the said east half of the south-west quarter of said section 18, upon his paying into said court, for the use of defendants, the amount of the taxes paid by defendants and their ancestor, Brice Black, and his grantor, J. H. Brown, with interest thereon at twelve per cent per annum from the date of payment to the date of said decree; that said south half of the south-east quarter of said section 18 was sold to said E. P. Weatherby for the sum of $80, and that plaintiff is the owner, by assignment from said John A. Van Steenberg, of all of said mortgage which was attempted to be foreclosed as aforesaid, except the part thereof assigned to E. P. Weatherby by said attempted foreclosure sale, and that plaintiff is entitled to redeem said premises from the lien

of said mortgage, by paying into court, for the use of the defendants, said sum of $80, with interest thereon at twelve per cent per annum from the date of said attempted sale, to-wit, April 16, 1880, to the date of this (said) decree, amounting in the aggregate to the sum of $154, and by also paying into court, for the use and benefit of the defendants, all the taxes paid upon said last above described premises by them and their ancestor, said Brice Black, and his grantor, said E. P. Weatherby, with interest thereon at twelve per cent per annum from the dates of such payments to the date of this (said) decree."

Said decree further recites that, " to ascertain the amount of taxes and interest to be paid into court for defendant under the above findings, this court did, on the 12th day of December, 1887, appoint Eugene Moore, Esq., referee to take testimony and make examination for that purpose, and make report of said amount to said court, and the ..... day of December, 1887, said referee filed his report, from which the court finds that the aggregate amount of said taxes and interest on both pieces of land is $180.33." With decree for plaintiff following such findings.

For the reasons and upon the considerations stated in the opinion in the case of *Yule v. Webster*, at the present term, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.